DANA VALENTINO,                    )
                                   )
      **Plaintiff,**                )
                                   )
v.                                 )          **Case No.:  11-CV-320**
                                   )
                                   )
TRAILS CAROLINA, LLC,              )
                                   )
      **Defendant.**               )

## ANSWER AND COUNTERCLAIM

In response to the allegations of the Complaint, Defendant Trails Carolina, LLC ("Defendant") states as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

## ANSWER

In response to the allegations of the Complaint, Defendant states as follows:

1.      Plaintiff Dana Valentino ("Valentino") is a resident and citizen of Brevard County, Florida.  At all times alleged here, he was an employee of Trails Carolina, LLC.

**ANSWER:**  Admitted upon information and belief.

2.      Defendant Trails Carolina, LLC ("Trails") is a North Carolina Limited Liability Company located in Transylvania County, North Carolina.

**ANSWER:**  Admitted.

3.      Trails is a therapeutic outdoor and wilderness camp for teenagers.

**ANSWER:**    Defendant admits that this is a partial description of its program.   Except as expressly admitted, Defendant denies the allegations of paragraph 3 of the Complaint.

4.      Valentino was the Field Director for Trails from July, 2009 to February 19, 2010.

**ANSWER:**  Admitted.

5.      During his employment, Valentino complained to Trails about a number of issues with Trails.  These include the lack of proper training for staff, improper gear for campers, poor emergency response planning and practice and Trails' practice of taking pants and shoes away from campers every night.

**ANSWER:**    Defendant denies that Plaintiff complained about the issues specified.  Except as expressly admitted, Defendant denies the allegations of paragraph 5 of the Complaint.

6.      Valentino was particularly vocal about two specific issues that he believed violated federal and state law and regulations.

**ANSWER:**  Denied.

7.      The first concerned Trails' attempts to avoid the United States Forest Service ("Forest Service") permitting laws and regulations.  In order to camp in the National Forests, Trails had to obtain permits from the Forest Service.  Trails told Valentino to use creative ways to circumvent these permits.  He was specifically told one time to falsify Forest Service usage reports.  Valentino refused to falsify any Forest Service documentation.

**ANSWER:**  The allegations of paragraph 7 call for a legal conclusion to which no response is required.  Defendant admits that the rules and regulations regarding the use of National Forest Service land are in writing and speak for themselves, to which no response is required. Defendant denies that it instructed Valentino "to use creative ways to circumvent these permits"

or told him to falsify Forest Service usage reports. Except as expressly admitted, Defendant denies the allegations of paragraph 7 of the Complaint.

8. Valentino also contested Trails' response to an incident of student abuse that occurred on December 23, 2009 ("the incident").

**ANSWER:** Denied.

9. On that day, an employee of Trails named Scott Huffman ("Huffman") physically assaulted a camper. Specifically, he slammed a student to the ground and punched him in the mouth while apparently trying to restrain him.

**ANSWER:** Defendant admits that Scott Huffman is an employee of Trails. Defendant denies that Plaintiff personally witnessed this incident or that he has described it accurately. Except as expressly admitted, Defendant denies the allegations of paragraph 9 of the Complaint.

10. Huffman was a custodian and maintenance worker at Trails. He had not received training on how to properly restrain an individual. He was not qualified to restrain students.

**ANSWER:** Defendant denies that Plaintiff has accurately described Huffman's job title or job duties. Defendant denies further that Huffman had never been trained on how to properly restrain an individual or that he was never qualified to restrain students. Except as expressly admitted, Defendant denies the allegations of paragraph 10 of the Complaint.

11. Trails did not do a background check on Huffman prior to his hire.

**ANSWER:** Denied.

12. Huffman is the brother-in-law of the Executive Director and owner of Trails.

**ANSWER:** Admitted.

13. Valentino and other staff at Trails witnessed the incident. They each reported their recollection of the incident to Trails. The reports all recounted substantially similar facts.

3

**ANSWER:** Defendant denies that Valentino witnessed the incident or that he filled out an incident report. Defendant admits that the staff who witnessed the incident submitted Incident Reports. Except as expressly admitted, Defendant denies the allegations of paragraph 13 of the Complaint.

14. In Valentino's incident report, he stated that Trails needed to report the incident "to the proper agencies, family and family therapist."

**ANSWER:** Plaintiff did not submit an incident report, accordingly, Defendant denies the allegations of paragraph 14 of the Complaint upon information and belief.

15. Valentino waited thirty days but he still received no response to his report and did not hear whether Trails had reported the incident. Valentino therefore went to check the assaulted student's file in Trails' office to see if Trails properly reported the incident. All reports regarding the incident were required to be in the assaulted student's file. When Valentino searched that file, he noticed that all reports regarding the incident were missing.

**ANSWER:** Defendant denies that Valentino was authorized to access students' personal files or that he had access to the investigative files and denies further that he has accurately described how files were to be maintained. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 15 about Plaintiff's search efforts and therefore denies the same. Except as expressly admitted, Defendant denies the allegations of paragraph 15 of the Complaint.

16. He then called the Transylvania County Department of Social Services ("DSS") to ask whether a report had been filed. They told him that no report had been filed regarding the incident.

4

**ANSWER:** Defendant lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 16 of the Complaint, and therefore denies the same.

17. Valentino grew concerned that Trails had not properly reported the incident as required by law. He therefore filed a grievance report on January 25, 2010 ("the grievance report").

**ANSWER:** Defendant denies that Valentino filed a grievance report on January 25, 2010 or any other time with Defendant about any of the matters alleged in the Complaint. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 17 of the Complaint and therefore denies the same.

18. In this grievance report, he raised the legality of falsifying Forest Service documentation. He said that "he is not willing to" falsify Forest Service documents.

**ANSWER:** Defendant denies that Plaintiff filed a grievance report while he was employed by Defendant. Except as expressly admitted, Defendant denies the allegations of paragraph 18 of the Complaint.

19. Also in the grievance report, Valentino expressed his concern that the incident was not properly "reported or handled in the correct manner."

**ANSWER:** Defendant denies that Valentino filed a grievance report while he was employed by Defendant. Except as expressly admitted, Defendant denies the allegations of paragraph 19 of the Complaint.

20. He concluded the report by saying that he was "concerned with the legal integrity regarding these issues." He told Trails that he was "prepared to follow up and resolve/report these incidents personally if we can't solve them as a team."

**ANSWER:** Defendant denies that Valentino filed a grievance report while he was employed by Defendant. Except as expressly admitted, Defendant denies the allegations of paragraph 20 of the Complaint.

21. Trails again did not respond to Valentino's request to properly report the incident.

**ANSWER:** Defendant denies that Valentino filed a grievance report while he was employed by Defendant and therefore denies the allegations of paragraph 21 of the Complaint.

22. Upon information and belief, Trails did not report the incident to anyone outside Trails after Valentino's grievance report.

**ANSWER:** Defendant denies that Valentino filed a grievance report while he was employed by Defendant and therefore denies the allegations of paragraph 22 of the Complaint. Defendant specifically denies that it did not consult with anyone externally about the incident after it occurred.

23. Trails management became more distant from Valentino and limited their communication with him after he filed the grievance report.

**ANSWER:** Defendant denies that Valentino filed a grievance report while he was employed by Defendant. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Trails terminated Valentino on February 19, 2010. Trails told Valentino that they were terminating his employment "for the health of the company." Trails provided no other reason for the termination.

**ANSWER:** Defendant admits that it terminated Valentino on February 19, 2010. Except as expressly admitted, the allegations of paragraph 24 of the Complaint are denied.

25. Trails had no legitimate reason to terminate the employment of Valentino.

6

**ANSWER:** The allegations of paragraph 25 call for a legal conclusion to which no response is required because no particular reason to terminate Valentino is required. Except as expressly admitted, Defendant denies the allegations of paragraph 25 of the Complaint.

26.     Shortly after his termination, Valentino officially reported the incident to DSS as required by law. DSS forwarded Valentino's report to the North Carolina Department of Health and Human Services, Division of Health Services Regulation, Mental Health Licensure and Certification ("the Division").

**ANSWER:** Defendant admits that Valentino made a report to DSS shortly after his termination, which upon information and belief was forwarded to the Division. Plaintiff's allegations call for a legal conclusion to which no response is required. Except as expressly admitted, Defendant denies the allegations of paragraph 26 of the Complaint.

27.     Valentino also reported Trails' failure to comply with Forest Service regulations to the Forest Service.

**ANSWER:** Defendant denies that it has received notice from the Forest Service of any complaint from Plaintiff or of any violations by Defendants. Defendant lacks sufficient knowledge or information to either admit or deny any remaining allegations of paragraph 27 of the Complaint and therefore denies the same.

28.     The Division investigated and substantiated Valentino's report.

**ANSWER:** Defendant denies that it has received notice from the Forest Service of any complaint from Plaintiff or of any violations by Defendant. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 28 of the Complaint and therefore denies the same.

29.     The Division cited Trails for the following deficiencies:

a. Failure to have emergency plans and supplies in violation of 10A NCAC 27G.0207.

b. Failure to comply with the medication requirements of 10A NCAC 27G.0209.

c. Failure to comply with the prior employment verification requirements of N.C. Gen. Stat. §131E-256(d2).

d. Failure to report incidents of neglect of abuse to the Department as required by N.C. Gen. Stat. §131E-256(g).

e. Failure to conduct criminal history record checks on their employees as required by N.C. Gen Stat. §122C-80

f. Failure to follow their own policy regarding the report of neglect or abuse in violation of 10A NCAC 27D.0101.

g. Failure to follow the research and seizure requirements of 10A NCAC 27D.0103.

h. Failure to protect campers from harm, abuse, neglect or exploitation in violation of 10A NCAC 27D.0304.

i. Failure to comply with the seclusion, physical restraint and isolation time-out and protective devices used for behavioral control requirements of 10A NCAC 27E.0104.

j. Failure to comply with training requirements for seclusion, physical restraint and isolation time-out requirements 10A NCAC 27E.0108.

**ANSWER:** Defendant denies that Plaintiff has accurately characterized the Division's report, which is in writing and speaks for itself and to which no response is required. Except as expressly admitted, the allegations of paragraph 29 of the Compalint are denied.

30. Trails did in fact violate these laws and regulations cited by the Division.

**ANSWER:** The allegations of paragraph 30 call for a legal conclusion to which no response is required. Defendant denies the allegations of paragraph 30 of the Complaint.

31.     Valentino complained to Trails about their failure to follow the statutes and regulations cited by the Division.

**ANSWER:** Denied.

32.     Trails wrongfully terminated Valentino because he complained to Trails about the above-described issues, threatened to report the incident as required by statute and regulation, demanded that Trails follow their policy regarding reports of abuse and neglect, refused to violate federal and state law and otherwise engaged in protected activity as alleged herein.

**ANSWER:** Denied.

33.     Trails violated the public policy of North Carolina as enunciated by N.C. Gen. Stat. §§ 113-44.8, 113-274, 113-275, 113-300.6, 122C-26, 122C-51, 122C-57, 122C-59, 122C-60, 122C-62, 122C-66, 122C-67, 122C-80, 131E-256, & 143B-147, 10A NCAC 27G.0207, 10 NCAC 27G.0209, 10A NCAC 27D.0101, 10A NCAC 27D.0103, 10A NCAC 27D.0304, 10A NCAC 27E.0104, 10A NCAC 27E.0108, 16 U.S.C. § 551 and 16 U.S.C. § 6231 when it terminated the employment of Valentino.

**ANSWER:** Denied.

34.     Trails' wrongful termination of Valentino damaged him in an amount in excess of $10,000.

**ANSWER:** Denied.

35.     The acts and omissions of Trails were intentional, fraudulent, malicious, willful and wanton and done with a reckless and wanton disregard of the rights of Valentino.

**ANSWER:** Denied.

9

36.     Valentino is entitled to recover punitive damages pursuant to Chapter 1D-15, *et seq.* of the North Carolina General Statutes as a result of Trails' intentional, fraudulent, malicious, willful and wanton acts and omissions as set forth herein.

**ANSWER:** Denied.

### THIRD DEFENSE

Defendant asserts that if Plaintiff suffered damages as a result of any breach, act or omission of the Defendant, such breach, act or omission being specifically denied, then and in that event, Plaintiff failed to use ordinary care to reduce or minimize any damages sustained by Plaintiff.  Plaintiff's failure to mitigate his damages is hereby pled in complete bar to the Plaintiff's claims herein.

### FOURTH DEFENSE

Defendant asserts that if Plaintiff suffered damages as a result of any breach, act or omission of the defendant, such breach, act or omission being specifically denied, Plaintiff's claims for damages are barred by the after acquired evidence doctrine.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and laches.

### SIXTH DEFENSE

Defendant asserts the defense of the employment at-will doctrine.

### SEVENTH DEFENSE

Defendant did not proximately cause the damages alleged by the Plaintiff.

## EIGHTH DEFENSE

To the extent Defendant is liable to Plaintiff in any amount, which it denies, Defendant is entitled to offset any damages caused to him as a result of any bad faith or tortious conduct on the part of Plaintiff in connection with the matters at issue in this action.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel/unclean hands.

## TENTH DEFENSE

Defendant asserts that if Plaintiff suffered damages as a result of any breach, act or omission of the Defendant, such breach, act or omission being specifically denied, then a party or person other than Defendant is the sole party liable for any actual damages.

## ELEVENTH DEFENSE

Plaintiff has failed to plead any actual damages.

## TWELFTH DEFENSE

To the extent that Plaintiff engaged in misconduct, violated Defendant's policies, or engaged in other conduct that would have resulted in termination, or would have precluded him from obtaining employment with Trails had Defendant discovered such conduct, Plaintiff is barred from recovering a remedy.

## THIRTEENTH DEFENSE

Defendant hereby reserves the right to amend its Answer to plead any additional answer or affirmative defenses that may be supported by law, facts or circumstances which may not presently be known but which may be discovered during the pendency of this action.

## <u>COUNTERCLAIM</u>

Defendant Trails Carolina, LLC ("Trails"), complaining of Plaintiff, Dana Valentino ("Valentino"), alleges and says as follows:

1.     Trails Carolina, LLC ("Trails") is a North Carolina Limited Liability Company located in Transylvania County, North Carolina.

2.     Dana Valentino ("Valentino") is a resident and citizen of Brevard County, Florida.

3.     Trails is a residential, therapeutic and habilitative camp for teenagers.

4.     While Valentino worked for Trails, he was the Field Director from approximately July 2009 to February 19, 2010.

5.     When he was hired, Valentino misrepresented to Trails the circumstances under which he left his prior employer and also misrepresented the practices of his prior employer, much like he is doing now with Trails.  If Trails had had the correct and complete information during the interview process, they would not have hired Valentino.

6.     During his employment, Valentino was responsible for high turnover among the field staff due to his controlling, abusive, bullying, and intimidating management style. Unknown to management until the end of his employment or afterwards, Valentino forbade his employees to directly approach senior management.

7.     During his employment and without management approval, Valentino played computer games while at work and traveled out of range of the emergency pager distance in violation of company policy.  This was unknown to senior management until the time of Valentino's termination or afterwards.

8.      While he worked for Trails, on company time, and without management approval, Valentino spent time on a personal project through which he thought he would run a program similar to Trails which would become a televised reality show associated with Oprah Winfrey.

9.       Upon information and belief, Valentino solicited employees of Trails to join him on the program that he pitched to Oprah Winfrey.

10.     While employed by Trails, Valentino was not known for advocating for the rights of students; to the contrary, he was known for revoking students' rights and had to be cautioned about respecting the rights of students.

11.     While he worked for Trails, Valentino was repeatedly counseled about his performance, including his failure to adequately support his staff.

12.     As a result, prior to December 23, 2009, Valentino repeatedly expressed concern about his job security to the Director of Admissions.

13.     On December 23, 2009, during the incident in which a student repeatedly assaulted staff members (the "Incident"), staff members repeatedly paged Valentino for assistance for approximately a half an hour, but Valentino was not willing to go to the site to assist in the matter, until directed to do so by senior management.  When Valentino arrived, the scene had sufficiently deescalated and restraints were no longer placed on the student.

14.     On December 23, 2009, Valentino was leaving for the day and had to be instructed by the Admissions Director to go to the site of the Incident to offer any assistance needed by his staff in the aftermath of the Incident.

15.     Valentino never filled out an Incident Report for the Incident, he never participated in a debriefing with management related to the Incident, he did not participate in the

investigation related to the Incident, he did not ask management about the investigation related to the Incident, and he did not follow-up with management about the Incident.

16. As a member of the field staff, Valentino was not allowed to access the personal files of the student involved in the Incident without specific authorization from senior management. His doing so violated the policies and procedures of Trails.

17. Valentino knows that Trails was licensed in or around December 2008 in compliance with many of the same criteria which were subject to examination on an annual basis as of the date of licensure.

18. As a result of Valentino's complaint, Trails was subject to an earlier audit and examination. Some of the policies and practices used and subjected to successful state audits by similar programs and adopted by Trails were subjected to a change in position by the Division, of which Trails did not have prior notice.

19. The Division did not issue fines against Trails, suspend its license, or take other more serious adverse action against Trails. Instead, the Division gave Trails thirty (30) days to bring certain identified matters into compliance.

20. Valentino's allegation that he filed an Incident Report about the Incident is false and fabricated solely for purposes of retaliating against Trails through state processes and through the court system.

21. Valentino's allegation that he filed an internal grievance with Trials in January 2010 is false and fabricated solely for purposes of retaliating against Trails through state processes and through the court system.

22. Valentino has a pattern and practice of false allegations against past employers.

23.     Upon information and belief, if Valentino had believed there was a clear legal obligation to report the Incident to the State of North Carolina, he would not have waited three months to do so.

24.     Instead, upon information and belief, Valentino reported the Incident to the State of North Carolina in retaliation for his termination.

25.     After his termination, Valentino made defamatory postings on Facebook about Trails, which were removed by Facebook, and upon information and belief, encouraged others to do the same.  Upon information and belief, he did so out of spite and malice.

26.     After his termination, Valentino sent defamatory emails to Woodbury Reports, Inc. (www.strugglingteens.com) about Trails under the guise that he was a concerned parent. Upon information and belief, he did so out of spite and malice.

<u>**COUNT I**</u>
**(Abuse of Process)**

27.     The allegations of the above paragraphs are incorporated as if repeated herein.

28.     Valentino's suit is yet another instance of the abuses of process by Valentino against a former employer.

29.     The allegations of Complaint regarding Trails and its policies, procedures or practices which Valentino now says did not follow state laws, rules, or regulations as alleged in the Complaint, were not made or reported by Valentino to his employer or to the state during his employment as violations of state laws, rules, or regulations.

30.     Valentino relies instead upon a process he invoked after employment in retaliation for his termination (the "Retaliatory Allegations"), and upon information and belief, so he could obtain a copy of the State's investigation as a reporting or complaining party.

31.     Upon information and belief, in fabricating his documents (his alleged incident report and grievance) upon which he basis this lawsuit, he relied on the documentation he received from the state in response to his Retaliatory Allegations, rather than his personal knowledge.

32.     Upon information and belief, Valentino invoked his lawsuit against Trails improperly out of malice and spite and to harass and annoy Trails for terminating his employment and to harm its future as a program.

33.     Upon information and belief, Valentino intentionally invoked the legal process against Trails to accomplish the ulterior purposes of harming Trails and damaging its reputation, which is separate from and collateral to the legal proceeding.

34.     Valentino's actions have damaged Trails in an amount to be proven at trial in excess of $10,000.

**WHEREFORE**, Defendant prays the Court that:

1.     Pursuant to Counterclaim Count I (Abuse of Process), Defendant recovers from Plaintiff damages in an amount in excess of ten thousand dollars ($10,000.00) to be determined at trial of this matter;

2.     The Plaintiff's Complaint be dismissed in its entirety with prejudice in favor of Defendant and against Plaintiff;

3.     Plaintiff have and recover nothing from Defendant;

4.     Plaintiff's recovery be barred in whole or in part by Defendant's Affirmative Defenses;

5.     That the court award Defendant the costs of this action, including attorneys' fees;

6.     That this matter be tried by a jury;

7.     The Court award Defendant such other and further relief as the Court deems just

and proper.

Respectfully submitted, this 22nd day of December, 2011.

**MALONEY LAW & ASSOCIATES, PLLC**

/s/ Margaret Behringer Maloney
Margaret Behringer Maloney, N.C. Bar No. 13253
Tamara L. Huckert, N.C. Bar No. 35348
1824 East 7th Street
Charlotte, NC 28204
mmaloney@maloneylegal.com
thuckert@maloneylegal.com
Telephone:  704-632-1622
Facsimile:  704-632-1623
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **ANSWER AND COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which will send the notice of electronic filing to the following:

> Mr. Robert C. Carpenter
> 72 Patton Avenue
> Asheville, NC 28801
> Phone: (828) 252-7381
> Fax: (828) 252-5018
> *Attorneys for Plaintiff*

This the 22nd day of December, 2011.

/s/ Margaret Behringer Maloney
Margaret B. Maloney

**MALONEY LAW & ASSOCIATES, PLLC**
1824 East 7th Street
Charlotte, NC 28204
Telephone: (704) 632-1622
Facsimile: (704) 632-1623